IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|   Jonathan Thrasher | ) | Case No. 12-15468 |
|   Jennie Ringo-Thrasher | ) | |
| | ) | HON. JACK B. SCHMETTERER |
|   Debtors | ) | |
| | ) | |
| Jonathan Thrasher | ) | |
| Jennie Ringo-Thrasher | ) | |
| | ) | ADVERSARY NO.:12-01107 |
| Plaintiffs | ) | |
| v. | ) | |
| BANK OF AMERICA, N.A., successor | ) | |
| by merger to BAC HOME LOANS | ) | |
| SERVICING, LP, | ) | |
| fka Countrywide Home Loans, Inc. | ) | |
| fka Residential Loan Centers of | ) | |
| America | ) | |
| | ) | |
| Defendant | ) | |

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against Defendant BANK OF AMERICA, N.A., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs Jonathan Thrasher and Jennie Ringo-Thrasher are individuals residing at 11531 S. Karlov Ave., Alsip, IL 60803.

2. BANK OF AMERICA, N.A., is a lender and servicer of mortgages.

3. This Adversary Proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151,157 and 1334 and this is a core proceeding under 28 U.S.C. §157.

5. Plaintiffs are the owners of real estate located at 11531 S. Karlov Ave., Alsip, IL 60803 with a property index number of 24-22-405-025-0000

6. The fair market value of the real estate is approximately $188,500.00 pursuant to Comparative Market Analysis marked Exhibit A to the original Adversary Complaint.

7. A first mortgage lien is currently held by Bank of America, N.A. in the approximate amount of $221,991.62 as evidenced by a Proof of Claim filed in this case on July 13, 2012 attached as Exhibit B to the original Adversary Complaint.

8. Defendant BANK OF AMERICA, N.A. holds a junior mortgage of approximately $51,180.68, as evidenced by a Proof of Claim filed on April 26, 2012 by Bank of America through its agent Real Time Resolutions, inc., attached to the original Adversary Complaint, as Exhibit C.

9. Under 11 U.S.C. §§506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage exceeds the value of the real estate.

11. Due to the junior mortgage lien held by Defendant being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. Please See *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill. 2002), *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3rd Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

12. Pursuant to 11 U.S.C. §1325(a)(5) the second mortgage of BANK OF AMERICA, N.A., shall be stripped off and shall be null and void upon Plaintiffs obtaining a discharge under 11 U.S.C. §1328.

By the Court

Enter:

_____

Judge Jack B. Schmetterer

SEP 0 6 2012

Sept 6, 2012